IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff(s)**<br><br>v.<br><br>JUAN A. RIVERA-VELAZQUEZ,<br>ALBERTO CEBALLOS-LLANOS,<br><br>**Defendant(s)** | CRIMINAL NO.05-257(JAG) |

**MEMORANDUM AND ORDER**

On October 30, 2006, defendants Alberto Ceballos-Llanos ("Ceballos-Llanos") and Juan A. Rivera-Velazquez ("Rivera-Velazquez") filed pro-se motions to withdraw their pleas of guilty. (Docket Nos. 89, 90). On November 9, 2006, the government filed an opposition to said motions. (Docket No. 94). The defendants' motions were referred to Magistrate-Judge Camille Velez-Rive for report and recommendation (Docket No. 98). On December 14, 2006 the Magistrate Judge issued a Report and Recommendation as to defendant Ceballos-Llanos (Docket No. 114), which was objected to on December 27, 2006 (Docket No. 115) and again on January 3, 2007 (Docket No. 116). On January 22, 2007, defendant Rivera-Velazquez filed an Informative Motion asking the Court to deny his Motion to Withdraw

Guilty Plea without prejudice to him filing a petition under 28 U.S.C. § 2255 should further investigation reveal that a Motion to Suppress should have been filed. (Docket No. 117). On January 24, 2007 the Magistrate-Judge issued a Report and Recommendation as to defendant Rivera-Velazquez. (Docket No. 118). No objection to that Report and Recommendation was filed.

The Court has conducted a _de novo_ review of the Magistrate-Judge's Reports and Recommendations, both of which recommend that the Court deny defendants' motions to withdraw their guilty pleas (Docket Nos. 114, 118). As to Ceballos-Llanos, the Court is unconvinced by the arguments he puts forth in his objections to the Report and Recommendation. For the reasons set forth in said Report and Recommendation and herein, the Court finds that Ceballos-Llanos has not met his burden in order to be allowed to withdraw his guilty plea. He has not established fair and just reasons to support his request.

In his objections to the Magistrate-Judge's Report and Recommendation, Ceballos-Llanos argues that the Magistrate-Judge erred in concluding that he did not proffer a fair and just reason to withdraw his plea based on her findings that his plea was knowing, intelligent and voluntary, that his motion to withdraw the plea was untimely, that he is not claiming actual innocence, and that the government would suffer prejudice if the guilty plea is

3

withdrawn and the case is prosecuted. He also argues that a hearing is necessary to resolve credibility issues regarding his ineffective assistance of counsel claim and that he should be allowed to supplement his motion as to that claim once defendant Rivera-Velazquez's investigation (of new evidence that could allegedly support a motion to suppress) is concluded.

A defendant has no absolute right to withdraw a plea of guilty. United States v. Gonzalez, 202 F.3d 20, 23 (1st Cir. 2000). However, the court may permit withdrawal of a guilty plea after the court accepts it but before sentencing upon a showing of fair and just reason. Fed.R.Crim.P. 11(d)(2)(B). "A 'fair and just reason' is a necessary, but not sufficient, predicate to plea withdrawal." Gonzalez, 202 F.3d at 23. Therefore, the burden of persuasion rests upon the defendant. Moreover, whether to grant a motion for withdrawal of guilty plea rests in the sound discretion of the sentencing court and is reviewed for an abuse of discretion. Id.

Several factors are to be properly considered in determining whether the defendant has shown a fair and just reason for withdrawal of a guilty plea, including the following: whether the plea was voluntary, intelligent and knowing, and complied with Rule 11; the force of the reasons offered by the defendant; whether there is a claim of actual innocence; the timeliness of the application; whether a plea agreement was reached; and whether the withdrawal

causes prejudice to the government. See United States v. Padilla-Galarza, 351 F.3d 594, 597 (1st Cir. 2003). See also United States v. Gonzalez, 202 F.3d 20, 24 (1st Cir. 2000). Upon de novo review of the Magistrate-Judge's Report and Recommendation on Ceballos-Llanos, the Court finds that the Magistrate-Judge correctly weighed the factors to be considered and reached the appropriate conclusion.

Defendant Ceballos-Llanos argues that he should be allowed to withdraw his guilty plea because the government would suffer no prejudice from it. However, this factor must be weighed only after the Court concludes that defendant would otherwise be entitled to withdraw his guilty plea. See United States v. Richardson, 225 F.3d 46, 51 (1st Cir. 2000). Accordingly, Ceballos-Llanos's contention that the government would suffer no prejudice from the withdrawal of his guilty plea does not even have to be considered if he does not have a fair and just reason for the withdrawal.

Several factors work against the defendant's withdrawal of his guilty plea. The timeliness of the motion weighs against defendant since there was a considerable delay in making the motion. "[T]he more a request is delayed ... the more [courts] will regard it with disfavor." United States v. Isom, 85 F.3d 831, 838 (1st Cir.1996). Ceballos-Llanos argues that he was not able to file a prompt motion to withdraw his plea of guilty because he could not contact his lawyer after the change of plea hearing and it took him two months

5

to draft the motion pro-se. However, his reason for the delay is not sufficient to prevent this factor from weighing against the withdrawal considering the length of time that transpired between the change of plea hearing and the filing of the motion to withdraw the plea. See e.g. United States v. Sims (822 F.Supp. 1308 (D.N.Ill.1993) (holding that a two and a half month delay between the court's acceptance of guilty plea and defendant's pro-se motion to withdraw plea weighed against granting of motion). In addition, Ceballos-Llanos's claim of legal innocence also weighs against him since he is not claiming actual innocence in this case. See United States v. Muriel, 111 F.3d 975, 980 (1st Cir. 2000) ("the lack of a claim of innocence weighs in favor of sustaining a guilty plea").

All other factors weighing against the defendant's withdrawal of his plea of guilty, the Court must consider whether the plea was knowing, intelligent and voluntary. This is the most significant of the factors to be considered. See United States v. Richardson, 225 F.3d 46, 51 (1st Cir. 2000). The Magistrate-Judge concluded that his withdrawal was indeed knowing, intelligent and voluntary based on several factors. The Magistrate-Judge considered the fact that Ceballos-Llanos was given numerous opportunities to ponder his decision to enter a plea or proceed to trial; that he received consideration for the entry of his plea by having several counts dismissed and the amount of drugs involved stipulated; that he received a type (c) plea agreement; that the Rule 11 hearing was

6

conducted properly; that he voluntarily signed a stipulation of facts that was incorporated to the plea agreement and which states that he possessed narcotics and in furtherance thereof also possessed the firearms; and that he was individually and specifically addressed by the presiding Magistrate-Judge in the change of plea hearing regarding the stipulations of facts that was contained in the plea agreement to make sure that he understood the charge to which he pled guilty.  All these factors led the Magistrate-Judge to conclude that Ceballos-Llanos made a knowing and intelligent decision to enter into a plea agreement with the government in a voluntary manner.  The Court finds that the Magistrate-Judge correctly considered these factors in determining whether Ceballos-Llanos's withdrawal was knowing, intelligent and voluntary, and consequently agrees with her conclusion. Consequently, Ceballos-Llanos did not establish a fair and just reason to withdraw his plea.

As to defendant Rivera-Velazquez, the Report and Recommendation that recommends that he not be allowed to withdraw his plea of guilty remains unopposed.  Further, said defendant has asked the Court to deny his motion to withdraw the guilty plea without prejudice to him filing a petition under 28 U.S.C. § 2255 in the future.

Taking into consideration both Reports and Recommendations, as well as the objections thereto filed by defendant Ceballos-Llanos

7

(Docket Nos. 115, 116), and in light of defendant Rivera-Velazquez's Informative Motion Concerning Motion to Withdraw Guilty Plea (Docket No. 117), the Court **ADOPTS** both Reports and Recommendations in their entirety and accordingly **DENIES** defendants' motions to withdraw their guilty pleas. In due time, the defendants may each file petitions under 28 U.S.C. § 2255 should further investigation reveal that Motions to Suppress should have been filed.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 26th day of February, 2007.

S/Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge